# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

FABIAN LEWIS, JR.                                                                                    PLAINTIFF

v.                                              No. 4:16CV00218 JLH

CLIFFORD MANEK, in his official
capacity as City of Sherwood Police Officer, *et al*.                                DEFENDANTS

## OPINION AND ORDER

Fabian Lewis, Jr., brings this action against six officers of the Sherwood Police Department in their official capacities, alleging that his constitutional rights were violated when he was arrested and charged with four criminal offenses. The complaint alleges that after his arrest Lewis was jailed for three days and released only upon posting a $2,500 surety bond. The complaint further alleges that he was found not guilty of all charges at trial. Lewis seeks injunctive and declaratory relief as well as compensatory and punitive damages.

The defendants have moved for summary judgment. They argue, first, that probable cause existed for the arrest and the charges, so Lewis's constitutional rights were not violated. Second, they argue that the City of Sherwood is entitled to summary judgment for the additional reason that Lewis has failed to present evidence to show an improper policy or custom that resulted in a constitutional violation or that Sherwood inadequately trained or supervised its police officers. In support of the motion for summary judgment, the defendants have submitted, among other things, a copy of the relevant portions of the policies and procedures manual of the Sherwood Police Department, as well as records of training of the officers involved. Lewis has responded by submitting his own affidavit in which he denies engaging in any illegal activity on the night of his arrest and in which he states that the police department and chief did not have sufficient training or adequate policies to avoid unlawful arrests and that they operated a special task force aimed at

deterring crime, which gave rise to unconstitutional stops, detentions, and arrests. Document #26-2 at 2.

A court should grant summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party meets that burden, the nonmoving party must come forward with specific facts that establish a genuine dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact exists only if the evidence is sufficient to allow a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The Court must view the evidence in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences that can be drawn from the record. *Pedersen v. Bio-Med. Applications of Minn.*, 775 F.3d 1049, 1053 (8th Cir. 2015). If the nonmoving party fails to present evidence sufficient to establish an essential element of a claim on which that party bears the burden of proof, then the moving party is entitled to judgment as a matter of law. *Id*.

While individual-capacity suits seek to impose personal liability upon a government official for action taken under color of state law, official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 2105, 87 L. Ed. 2d 114 (1985) (citing *Scheuer v.*

*Rhodes*, 416 U.S. 232, 237-38, 94 S. Ct. 1683, 1686-87, 40 L. Ed. 2d 90 (1974)) (quoting *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690 n.55, 98 S. Ct. 2018, 2035 n.55, 56 L. Ed. 2d 611 (1978)). "It is *not* a suit against the official personally, for the real party in interest is the entity." *Id*. at 166, 105 S. Ct. at 3105; *see also Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007). Here, Lewis has asserted no individual-capacity claims. All of his claims are against Sherwood police officers in their official capacities, so all of his claims are against the City of Sherwood.

A city can be liable under section 1983 when a constitutional injury is caused by execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy. *Monell*, 436 U.S. at 694, 98 S. Ct. at 2037-38. The Eighth Circuit has explained that "a 'policy' is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). A city may be liable based on a custom if evidence establishes (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the city's officers; (2) deliberate indifference to or tacit authorization of that misconduct by the city's policy-making officials after notice to the officials of that misconduct; and (3) that the unconstitutional action was the moving force that caused the plaintiff's injury. *Id*. at 1204. A single incident usually is insufficient to show the existence of a municipal custom. *Id*. at 1205. A city may be liable based on inadequate training or supervision if evidence shows that: (1) the city's training or supervisory practices were inadequate; (2) the city was deliberately indifferent to the rights of others in adopting those practices; and (3) the deficiency

in the city's training or supervisory practices caused the plaintiff's injury. *Andrews v. Fowler*, 98 F.3d 1069, 1076 (8th Cir. 1996).

The only evidence that Lewis offers in response to the motion for summary judgment, other than a letter that the defendants also submitted, is his affidavit. With respect to the issues of whether Sherwood had an unconstitutional custom or policy and whether its officers were inadequately trained or supervised, his affidavit states:

> 10. The police department and chief did not engage in sufficient training of the defendants to avoid my unmerited arrest, etc. by the officer defendants.
>
> 11. The city, department, and chief of police did not have sufficient and adequate policies in place to avoid my unmerited arrest, etc. by the officer defendants.
>
> 12. The city, department, and police chief operated a 'special task force' aimed at deterring crime which gave rise to unconstitutional stops, detentions, and arrests such as what occurred to me.

Document #26-2 at 2. Lewis's affidavit is conclusory in that it contains no specific facts as to what training or supervision the officers received or how it was inadequate, how the policies were deficient, or what facts show that Sherwood had a custom of unlawful arrests; such an affidavit is insufficient to defeat a properly supported motion for summary judgment. *Allen v. Entergy Corp.*, 181 F.3d 902, 905 (8th Cir. 1999); *Marsh v. Hog Slat, Inc.*, 79 F. Supp. 2d 1068, 1074 (N.D. Iowa 2000). Thus, Lewis has failed to present evidence sufficient to show a genuine dispute of material fact as to whether the actions taken against him were motivated by an unconstitutional custom or policy of the City of Sherwood, and he has failed to present evidence to show a genuine dispute of material fact as to whether the officers who took those actions were inadequately trained or supervised. Consequently, even if Lewis's constitutional rights were violated when he was arrested

and charged, he cannot prevail against the City; and his claims are only against the City because he has sued the officers only in their official capacities.

Therefore, the motion for summary judgment must be GRANTED. Document #15. A judgment will be entered separately.

IT IS SO ORDERED this 16th day of August, 2017.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE